IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

MARY CASEY, as ADMINISTRATOR of the )
ESTATE OF PHILLIP CASEY, Deceased )
                                      )
    Plaintiff, )
                vs. )
                                        )
MARJORIE GUTHRIE, M.D., SOUTHERN )
ILLINOIS HEALTH CARE FOUNDATION INC. )   Case No:
d/b/a BELLEVILLE FAMILY HEALTH )
CENTER,  JULIE WITTNENAUER, M.D., )
ASHLEY  MALCOLM, M.D., DAVID DORSEY, )
M.D.,  ST. ELIZABETH'S HOSPITAL OF THE )
HOSPITAL SISTERS OF ST. FRANCIS, an )
Illinois corporation, ROOP LAL, M.D., HEIDI )
DUFF, P.A. and CARDIOLOGY )
CONSULTANTS, LTD. )
                                        )
    Defendants )



## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, MARY CASEY, as ADMINISTRATOR of the ESTATE OF

PHILLIP CASEY, Deceased, by and through her attorneys, RATHBUN, CSERVENYAK

& KOZOL, LLC, and for her Complaint at Law against the Defendants,  MARJORIE

GUTHRIE, M.D., SOUTHERN ILLINOIS HEALTH CARE FOUNDATION INC. d/b/a

BELLEVILLE FAMILY HEALTH CENTER, JULIE WITTNENAUER, M.D., ASHLEY

MALCOLM, M.D., DAVID DORSEY, M.D., ST. ELIZABETH'S HOSPITAL OF THE

HOSPITAL SISTERS OF ST. FRANCIS, an Illinois corporation, ROOP LAL, M.D.,

HEIDI DUFF, P.A. and CARDIOLOGY CONSULTANTS, LTD., and states as follows:

## COUNT I
## MARJORIE GUTHRIE, M.D.
### (Wrongful Death)

1.　　That Plaintiff, MARY CASEY, as ADMINISTRATOR of the ESTATE OF PHILLIP CASEY, Deceased, has been appointed Administrator of the Estate of PHILLIP CASEY, Deceased, and brings this action under the Wrongful Death Act.

2.　　On or about September 23, 2007 and through September 25, 2007, the Defendant, MARJORIE GUTHRIE, M.D., was a physician licensed to practice medicine in the State of Illinois and specializing in family medicine in the City of Belleville, County of St. Clair, State of Illinois.

3.　　That at all times herein mentioned, the Defendant, MARJORIE GUTHRIE, M.D., was employed by BELLEVILLE FAMILY PRACTICE CENTER, and was acting within the scope of her employment.

4.　　On or about September 23, 2007 and through September 25, 2007, the Defendant, MARJORIE GUTHRIE, M.D., provided medical treatment to PHILLIP CASEY, Deceased.

5.　　That at all times herein mentioned, the Defendant, MARJORIE GUTHRIE, M.D., had a duty to apply the knowledge and use the skill and care ordinarily used by reasonably well-qualified physicians who specialize in family medicine.

6.　　That notwithstanding said duty, the Defendant, MARJORIE GUTHRIE,, M.D, was guilty of one or more of the following acts of negligence:

    a.　　Failed to properly formulate, administer and manage a health care plan for PHILLIP CASEY, Deceased, who was diagnosed with a pulmonary embolism and deep vein thrombosis and had multiple risk factors for the development of blood clotting;

      b.     Allowed a sequential compression device to be applied to PHILLIP CASEY, Deceased, after a deep vein thrombosis was or should have been suspected;

      c.     Allowed a sequential compression device to be applied to PHILLIP CASEY, Deceased, after a deep vein thrombosis was diagnosed;

      d.     Failed to discontinue the use the sequential compression device after a deep vein thrombosis was diagnosed;

      e.     Prematurely discharged PHILLIP CASEY, Deceased, from the hospital;

      f.     Failed to properly supervise residents who were treating PHILLIP CASEY, Deceased;

      g.     Otherwise failed to provide appropriate medical care to PHILLIP CASEY, Deceased.

7.    That as a direct and proximate result of one or more of the foregoing acts of negligence on the part of the Defendant, MARJORIE GUTHRIE, M.D., PHILLIP CASEY, Deceased, expired on September 25, 2007.

8.    PHILLIP CASEY, Deceased, left surviving heirs, his wife, MARY CASEY, and two children, MARY C. CASEY and PHILLIP CASEY II.

9.    As a direct and proximate result of the death of PHILLIP CASEY, Deceased, MARY CASEY, MARY C. CASEY and PHILLIP CASEY II have been deprived of society, companionship and affections, have suffered grief and sorrow and have expended sums of money for the funeral and burial of PHILLIP CASEY, Deceased.

10.    Attached hereto and made a part hereof, in conformance with 735 ILCS 5/2-622 is an Affidavit of Counsel marked as Exhibit "A" and an Affidavit from Healthcare Professional marked as Exhibit "B".

      WHEREFORE, the Plaintiff, MARY CASEY, as ADMINISTRATOR of the

ESTATE OF PHILLIP CASEY, Deceased, demands judgment against the Defendant, MARJORIE GUTHRIE, M.D.. in a dollar amount in excess of $50,000.00, plus costs of suit.

## Count II
## JULIE WITTENAUER, M.D.
### (Wrongful Death)

1.      That Plaintiff, MARY CASEY, as ADMINISTRATOR of the ESTATE OF PHILLIP CASEY, Deceased, has been appointed Administrator of the Estate of PHILLIP CASEY, Deceased, and brings this action under the Wrongful Death Act.

2.      On or about September 23, 2007 and through September 25, 2007, the Defendant, JULIE WITTENAUER, M.D., was a physician licensed to practice medicine in the State of Illinois and was a resident training in a family medicine program in the City of Belleville, County of St. Clair, State of Illinois.

3.      That at all times herein mentioned, the Defendant, JULIE WITTENAUER, M.D., was a resident employed by ST. ELIZABETH'S HOSPITAL and was acting as agent of St. Elizabeth's Hospital and within the scope of her employment.

4.      On or about September 23, 2007 and through September 25, 2007, the Defendant, JULIE WITTENAUER, M.D., provided medical treatment to PHILLIP CASEY, Deceased.

5.      That at all times herein mentioned, the Defendant, JULIE WITTENAUER, M.D., had a duty to apply the knowledge and use the skill and care ordinarily used by reasonably well-qualified physicians who specialize in family medicine.

6.      That notwithstanding said duty, the Defendant, JULIE WITTENAUER, M.D was guilty of one or more of the following acts of negligence:

a.   Failed to properly formulate, administer and manage a health care plan for PHILLIP CASEY, Deceased, who was diagnosed with a pulmonary embolism and deep vein thrombosis and had multiple risk factors for the development of blood clotting;

b.   Allowed a sequential compression device to be applied to PHILLIP CASEY, Deceased, after a deep vein thrombosis was or should have been suspected;

c.   Allowed a sequential compression device to be applied to PHILLIP CASEY, Deceased, after a deep vein thrombosis was diagnosed;

d.   Failed to discontinue the use of the sequential compression device after a deep vein thrombosis was diagnosed;

e.   Prematurely discharged PHILLIP CASEY, Deceased, from the hospital;

f.   Failed to properly consult with Marjorie Guthrie, M.D., and/or other physicians regarding the care and treatment of PHILLIP CASEY, Deceased;

g.   Otherwise failed to provide appropriate medical care to PHILLIP CASEY, Deceased.

7.   That as a direct and proximate result of one or more of the foregoing acts of negligence on the part of the Defendant, JULIE WITTENAUER, M.D., PHILLIP CASEY, Deceased, expired on September 25, 2007.

8.   PHILLIP CASEY, Deceased, left surviving heirs, his wife, MARY CASEY, and two children, MARY C. CASEY and PHILLIP CASEY II.

9.   As a direct and proximate result of the death of PHILLIP CASEY, Deceased, MARY CASEY, MARY C. CASEY and PHILLIP CASEY II have been deprived of society, companionship and affections, have suffered grief and sorrow and have expended sums of money for the funeral and burial of PHILLIP CASEY, Deceased.

10.   Attached hereto and made a part hereof, in conformance with 735 ILCS

5/2-622, is an Affidavit of Counsel marked as Exhibit "A" and an Affidavit from Healthcare Professional marked as Exhibit "C".

WHEREFORE, the Plaintiff, MARY CASEY, as ADMINISTRATOR of the ESTATE OF PHILLIP CASEY, Deceased, demands judgment against the Defendant, JULIE WITTENAUER, M.D., in a dollar amount in excess of $50,000.00, plus costs of suit.

**COUNT III**
**ASHLEY MALCOLM. M.D.**
**(Wrongful Death)**

1.     That Plaintiff, MARY CASEY, as ADMINISTRATOR of the ESTATE OF PHILLIP CASEY, Deceased, has been appointed Administrator of the Estate of PHILLIP CASEY, Deceased, and brings this action under the Wrongful Death Act.

2.     On or about September 23, 2007 and through September 25, 2007, the Defendant, ASHLEY MALCOLM, M.D., was a physician licensed to practice medicine in the State of Illinois and was a resident training in a family medicine program in the City of Belleville, County of St. Clair, State of Illinois.

3.     That at all times herein mentioned, the Defendant, ASHLEY MALCOLM, M.D., was a resident employed by ST. ELIZABETH'S HOSPITAL and was acting as an agent of St. Elizabeth's Hospital within the scope of her employment.

4.     On or about September 23, 2007 and through September 25, 2007, the Defendant, ASHLEY MALCOLM, M.D., provided medical treatment to PHILLIP CASEY, Deceased.

5.     That at all times herein mentioned, the Defendant, ASHLEY MALCOLM, M.D., had a duty to apply the knowledge and use the skill and care ordinarily used by

reasonably well-qualified physicians who specialize in family medicine.

6.   That notwithstanding said duty, the Defendant, ASHLEY MALCOLM,

M.D., was guilty of one or more of the following acts of negligence:

   a.   Failed to properly formulate and administer and manage a health care plan for PHILLIP CASEY, Deceased, who was diagnosed with a pulmonary embolism and deep vein thrombosis and had multiple risk factors for the development of blood clotting;

   b.   Allowed a sequential compression devise to be applied to PHILLIP CASEY, Deceased, after a deep vein thrombosis was or should have been suspected;

   c.   Allowed a sequential compression device to be applied to PHILLIP CASEY, Deceased, after a deep vein thrombosis was diagnosed;

   d.   Failed to discontinue the used the sequential compression device after a deep vein thrombosis was diagnosed;

   e.   Prematurely discharged PHILLIP CASEY, Deceased, from the hospital;

   f.   Failed to properly consult with Marjorie Guthrie, M.D., and/or other physicians regarding the care and treatment of PHILLIP CASEY, Deceased;

   g.   Otherwise failed to provide appropriate medical care to PHILLIP CASEY, Deceased.

7.   That as a direct and proximate result of one or more of the foregoing acts of negligence on the part of the Defendant, ASHLEY MALCOLM, M.D., PHILLIP CASEY, Deceased, expired on September 25, 2007.

8.   PHILLIP CASEY, Deceased, left surviving heirs, his wife, MARY CASEY, and two children, MARY C. CASEY and PHILLIP CASEY II.

9.   As a direct and proximate result of the death of PHILLIP CASEY, Deceased, MARY CASEY, MARY C. CASEY and PHILLIP CASEY II have been deprived of society, companionship and affections, have suffered grief and sorrow and

have expended   sums of money for the funeral and burial of PHILLIP CASEY, Deceased.

10.   Attached hereto and made a part hereof, in conformance with 735 ILCS 5/2-622, is an Affidavit of Counsel marked as Exhibit "A" and an Affidavit from Healthcare Professional marked as Exhibit "D".

WHEREFORE, the Plaintiff, MARY CASEY, as ADMINISTRATOR of the ESTATE OF PHILLIP CASEY, Deceased, demands judgment against the Defendant, ASHLEY MALCOLM, M.D., in a dollar amount in excess of $50,000.00, plus costs of suit.

### COUNT IV
### DAVID DORSEY, M.D.
#### (Wrongful Death)

1.   That Plaintiff, MARY CASEY, as ADMINISTRATOR of the ESTATE OF PHILLIP CASEY, Deceased, has been appointed Administrator of the Estate of PHILLIP CASEY, Deceased, and brings this action under the Wrongful Death Act.

2.   On or about September 23, 2007 and through September 25, 2007, the Defendant, DAVID DORSEY, M.D., was a physician licensed to practice medicine in the State of Illinois and was a resident training in a family medicine program in the City of Belleville, County of St. Clair, State of Illinois.

3.   That at all times herein mentioned, the Defendant, DAVID DORSEY, M.D., was a resident employed by ST. ELIZABETH'S HOSPITAL and was acting as an agent of St. Elizabeth's Hospital within the scope of his employment.

4.   On or about September 23, 2007 and through September 25, 2007, the Defendant, DAVID DORSEY, M.D., provided medical treatment to PHILLIP CASEY,

Deceased.

5.      That at all times herein mentioned, the Defendant, DAVID DORSEY, M.D., had a duty to apply the knowledge and use the skill and care ordinarily used by reasonably well-qualified physicians who specialize in family medicine.

6.      That notwithstanding said duty, the Defendant, DAVID DORSEY, M.D., was guilty of one or more of the following acts of negligence:

a.      Failed to properly formulate and administer and manage a health care plan for PHILLIP CASEY, Deceased, who was diagnosed with a pulmonary embolism and deep vein thrombosis and had multiple risk factors for the development of blood clotting;

b.      Allowed a sequential compression device to be applied to PHILLIP CASEY, Deceased, after a deep vein thrombosis was or should have been suspected;

c.      Allowed a sequential compression device to be applied to PHILLIP CASEY, Deceased, after a deep vein thrombosis was diagnosed;

d.      Failed to discontinue the use the sequential compression device after a deep vein thrombosis was diagnosed;

e.      Prematurely discharged PHILLIP CASEY, Deceased, from the hospital;

f.      Failed to properly consult with Marjorie Guthrie, M.D., and/or other physicians regarding the care and treatment of PHILLIP CASEY, Deceased;

g.      Otherwise failed to provide appropriate medical care to PHILLIP CASEY, deceased.

7.      That as a direct and proximate result of one or more of the foregoing acts of negligence on the part of the Defendant, DAVID DORSEY, M.D., PHILLIP CASEY, Deceased, expired on September 25, 2007.

8.      PHILLIP CASEY, Deceased, left surviving heirs, his wife, MARY CASEY, and two children, MARY C. CASEY and PHILLIP CASEY II.

9.    As a direct and proximate result of the death of PHILLIP CASEY, Deceased, MARY CASEY, MARY C. CASEY and PHILLIP CASEY II have been deprived of society, companionship and affections, have suffered grief and sorrow and have expended  sums of money for the funeral and burial of PHILLIP CASEY, Deceased.

10.    Attached hereto and made a part hereof, in conformance with 735 ILCS 5/2-622, is an Affidavit of Counsel marked as Exhibit "A" and an Affidavit from Healthcare Professional marked as Exhibit "E".

WHEREFORE, the Plaintiff, MARY CASEY, as ADMINISTRATOR of the ESTATE OF PHILLIP CASEY, Deceased, demands judgment against the Defendant, DAVID DORSEY, M.D., in a dollar amount in excess of $50,000.00, plus costs of suit.

## COUNT V
## ROOP LAL, M.D.
### (Wrongful Death)

1.    That Plaintiff, MARY CASEY, as ADMINISTRATOR of the ESTATE OF PHILLIP CASEY, Deceased, has been appointed Administrator of the Estate of PHILLIP CASEY, Deceased, and brings this action under the Wrongful Death Act.

2.    On or about September 23, 2007 and through September 25, 2007, the Defendant, ROOP LAL, M.D., was a physician licensed to practice medicine in the State of Illinois and specializing in cardiology in the City of Belleville, County of St. Clair, State of Illinois.

3.    That at all times herein mentioned, the Defendant, ROOP LAL, M.D., was employed by CARDIOLOGY CONSULTANTS, LTD., and was acting within the scope of his employment.

4.    On or about September 23, 2007 and through September 25, 2007, the Defendant, ROOP LAL, M.D., provided medical treatment to PHILLIP CASEY, Deceased.

5.    That at all times herein mentioned, the Defendant, ROOP LAL, M.D., had a duty to apply the knowledge and use the skill and care ordinarily used by reasonably well-qualified physicians who specialize in cardiology.

6.    That notwithstanding said duty, the Defendant, ROOP LAL, M.D., was guilty of one or more of the following acts of negligence:

    a.    Failed to properly formulate, administer and manage a health care plan for PHILLIP CASEY, Deceased, who was diagnosed with a pulmonary embolism and deep vein thrombosis and had multiple risk factors for the development of blood clotting;

    b.    Allowed a sequential compression device to be applied to PHILLIP CASEY, Deceased, after a deep vein thrombosis was or should have been suspected;

    c.    Allowed a sequential compression device to be applied to PHILLIP CASEY, Deceased, after a deep vein thrombosis was diagnosed;

    d.    Failed to discontinue the use of the sequential compression device after a deep vein thrombosis was diagnosed;

    e.    Prematurely discontinued his care of PHILLIP CASEY, Deceased;

    f.    Failed to properly supervise his physician's assistant who was treating PHILLIP CASEY, Deceased;

    g.    Otherwise failed to provide appropriate medical care to PHILLIP CASEY, Deceased.

7.    That as a direct and proximate result of one or more of the foregoing acts of negligence on the part of the Defendant, ROOP LAL, M.D., PHILLIP CASEY, Deceased, expired on September 25, 2007.

8.    PHILLIP CASEY, Deceased, left surviving heirs, his wife, MARY CASEY,

and two children, MARY C. CASEY and PHILLIP CASEY II.

9.     As a direct and proximate result of the death of PHILLIP CASEY, Deceased, MARY CASEY, MARY C. CASEY and PHILLIP CASEY II have been deprived of society, companionship and affections, have suffered grief and sorrow and have expended  sums of money for the funeral and burial of PHILLIP CASEY, Deceased.

10.    Attached hereto and made a part hereof, in conformance with 735 ILCS 5/2-622, is an Affidavit of Counsel marked as Exhibit "A" and an Affidavit from Healthcare Professional marked as Exhibit "F".

WHEREFORE, the Plaintiff, MARY CASEY, as ADMINISTRATOR of the ESTATE OF PHILLIP CASEY, Deceased, demands judgment against the Defendant, ROOP LAL, M.D., in a dollar amount in excess of $50,000.00, plus costs of suit.

## Count VI
## HEIDI DUFF, P.A.
### (Wrongful Death)

1.     That Plaintiff, MARY CASEY, as ADMINISTRATOR of the ESTATE OF PHILLIP CASEY, Deceased, has been appointed Administrator of the Estate of PHILLIP CASEY, Deceased, and brings this action under the Wrongful Death Act.

2.     On or about September 23, 2007 and through September 25, 2007, the Defendant, HEIDI DUFF, P.A., was a physician's assistant licensed to practice medicine in the State of Illinois and was a physician's assistant in the City of Belleville, County of St. Clair, State of Illinois.

3.     That at all times herein mentioned, the Defendant, HEIDI DUFF, P.A., was a physician's assistant employed by CARDIOLOGY CONSULTANTS, LTD. and was

acting as agent of CARDIOLOGY CONSULTANTS, LTD. and within the scope of her employment.

4.    On or about September 23, 2007 and through September 25, 2007, the Defendant, HEIDI DUFF, P.A., provided medical treatment to PHILLIP CASEY, Deceased.

5.    That at all times herein mentioned, the Defendant, HEIDI DUFF, P.A., had a duty to apply the knowledge and use the skill and care ordinarily used by reasonably well-qualified physician's assistants.

6.    That notwithstanding said duty, the Defendant, HEIDI DUFF, P.A., was guilty of one or more of the following acts of negligence:

   a.    Failed to properly formulate, administer and manage a health care plan for PHILLIP CASEY, Deceased, who was diagnosed with a pulmonary embolism and deep vein thrombosis and had multiple risk factors for the development of blood clotting;

   b.    Allowed a sequential compression device to be applied to PHILLIP CASEY, Deceased, after a deep vein thrombosis was or should have been suspected;

   c.    Allowed a sequential compression device to be applied to PHILLIP CASEY, Deceased, after a deep vein thrombosis was diagnosed;

   d.    Failed to discontinue the use of the sequential compression device after a deep vein thrombosis was diagnosed;

   e.    Prematurely discontinued her care of PHILLIP CASEY, Deceased;

   f.    Failed to properly consult with ROOP LAL, M.D., and/or other physicians regarding the care and treatment of PHILLIP CASEY, Deceased.

   g.    Otherwise failed to provide appropriate medical care to PHILLIP CASEY, Deceased.

7.    That as a direct and proximate result of one or more of the foregoing acts

of negligence on the part of the Defendant. HEIDI DUFF, P.A., PHILLIP CASEY, Deceased, expired on September 25, 2007.

8.   PHILLIP CASEY, Deceased, left surviving heirs, his wife, MARY CASEY, and two children, MARY C. CASEY and PHILLIP CASEY II.

9.   As a direct and proximate result of the death of PHILLIP CASEY, Deceased, MARY CASEY, MARY C. CASEY and PHILLIP CASEY II have been deprived of society, companionship and affections, have suffered grief and sorrow and have expended  sums of money for the funeral and burial of PHILLIP CASEY, Deceased.

10.   Attached hereto and made a part hereof, in conformance with 735 ILCS 5/2-622, is an Affidavit of Counsel marked as Exhibit "G".

WHEREFORE, the Plaintiff, MARY CASEY, as ADMINISTRATOR of the ESTATE OF PHILLIP CASEY, Deceased, demands judgment against the Defendant, HEIDI DUFF, P.A., in a dollar amount in excess of $50,000.00, plus costs of suit.

## COUNT VII
## BELLEVILLE FAMILY HEALTH CENTER
### (Wrongful Death - Agency)

1.   That Plaintiff, MARY CASEY, as ADMINISTRATOR of the ESTATE OF PHILLIP CASEY, Deceased, has been appointed Administrator of the Estate of PHILLIP CASEY, Deceased, and brings this action under the Wrongful Death Act.

2.   On or about September 23, 2007 and through September 25, 2007, the Defendant, MARJORIE GUTHRIE, M.D., was a physician licensed to practice medicine in the State of Illinois.

3.   That at all times herein mentioned, the Defendant, MARJORIE GUTHRIE,

M.D., was employed by and was acting within the scope of her employment with the Defendant, BELLEVILLE FAMILY HEALTH CENTER.

4.     On about September 23, 2007 and through September 25, 2007, the Defendant, BELLEVILLE FAMILY HEALTH CENTER, through its agent, MARJORIE GUTHRIE, M.D., provided medical treatment to PHILLIP CASEY, Deceased.

5.     That at all times herein mentioned, the Defendant, BELLEVILLE FAMILY HEALTH CENTER, through its agent, MARJORIE GUTHRIE, M.D., had a duty to apply the knowledge and use the skills and care ordinarily used by reasonably well-qualified physicians who specialize in family medicine.

6.     That notwithstanding said duty, the Defendant, BELLEVILLE FAMILY HEALTH CENTER, through its agent, MARJORIE GUTHRIE, M.D., was then and there guilty of one or more of the following acts of negligence:

    a.     Failed to properly formulate and administer and manage a health care plan for PHILLIP CASEY, Deceased, who was diagnosed with a pulmonary embolism and deep vein thrombosis and had multiple risk factors for the development of blood clotting;

    b.     Allowed a sequential compression device to be applied to PHILLIP CASEY, Deceased, after a deep vein thrombosis was or should have been suspected;

    c.     Allowed a sequential compression device to be applied to PHILLIP CASEY, Deceased, after a deep vein thrombosis was diagnosed;

    d.     Failed to discontinue the use the sequential compression device after a deep vein thrombosis was diagnosed;

    e.     Prematurely discharged PHILLIP CASEY, Deceased, from the hospital;

    f.     Failed to properly supervise residents who were treating PHILLIP CASEY, Deceased;

    g.     Otherwise failed to provide appropriate medical care to PHILLIP

CASEY, Deceased.

7.    That as a direct and proximate result of one or more of the foregoing acts of negligence on the part of the Defendant, BELLEVILLE FAMILY HEALTH CENTER, through its agent, MARJORIE GUTHRIE, M.D., PHILLIP CASEY, Deceased, expired on September 25, 2007.

8.    PHILLIP CASEY, Deceased, left surviving heirs, his wife, MARY CASEY, and two children, MARY C. CASEY and PHILLIP CASEY II.

9.    As a direct and proximate result of the death of PHILLIP CASEY, Deceased, MARY CASEY, MARY C. CASEY and PHILLIP CASEY II have been deprived of society, companionship and affections, have suffered grief and sorrow and have expended  sums of money for the funeral and burial of PHILLIP CASEY, Deceased.

10.    Attached hereto and made a part hereof, in conformance with 735 ILCS 5/2-622 is an Affidavit of Counsel marked as Exhibit "A" and an Affidavit from Healthcare Professional marked as Exhibit "B".

WHEREFORE, the Plaintiff, MARY CASEY, as ADMINISTRATOR of the ESTATE OF PHILLIP CASEY, Deceased, demands judgment against the Defendant, BELLEVILLE FAMILY HEALTH CENTER, through its agent, MARJORIE GUTHRIE, M.D., in a dollar amount in excess of $50,000.00, plus costs of suit.

## COUNT VIII
## ST. ELIZABETH'S HOSPITAL
### (Wrongful Death - Agency)

1.    That Plaintiff, MARY CASEY, as ADMINISTRATOR of the ESTATE OF PHILLIP CASEY, Deceased, has been appointed Administrator of the Estate of PHILLIP

16

CASEY, Deceased, and brings this action under the Wrongful Death Act.

2.      On or about September 23, 2007 and through September 25, 2007, the Defendants, JULIE WITTNENAUER, M.D., ASHLEY MALCOLM, M.D., DAVID DORSEY, M.D., were physicians licensed to practice medicine in the State of Illinois and were residents training in a family medicine program at ST. ELIZABETH HOSPITAL.

3.      That at all times herein mentioned, the Defendants, JULIE WITTENAUER, M.D., ASHLEY MALCOLM, M.D. and DAVID DORSEY, M.D., were employed by and were acting within the scope of their employment with ST. ELIZABETH'S HOSPITAL.

4.      On about September 23, 2007 and through September 25, 2007, the Defendant, ST. ELIZABETH'S HOSPITAL, through its agents, JULIE WITTENAUER, M.D., ASHLEY MALCOLM, M.D. and DAVID DORSEY, M.D., provided medical treatment to PHILLIP CASEY, Deceased.

5.      That at all times herein mentioned, the Defendant, ST. ELIZABETH'S HOSPITAL, through its agents, JULIE WITTENAUER, M.D., ASHLEY MALCOLM, M.D. and DAVID DORSEY, M.D., had a duty to apply the knowledge and use the skills and care ordinarily used by reasonably well-qualified physicians who specialize in family medicine.

6.      That notwithstanding said duty, the Defendant, ST. ELIZABETH 'S HOSPITAL, through its agents, JULIE WITTENAUER, M.D., ASHLEY MALCOLM, M.D. and DAVID DORSEY, M.D., was then and there guilty of one or more of the following acts of negligence:

     a.      Failed to properly formulate, administer and manage a health care plan for PHILLIP CASEY, Deceased, who was diagnosed with a

pulmonary embolism and deep vein thrombosis and had multiple risk factors for the development of blood clotting;

b.   Allowed a sequential compression device to be applied to PHILLIP CASEY, Deceased, after a deep vein thrombosis was or should have been suspected;

c.   Allowed a sequential compression device to be applied to PHILLIP CASEY, Deceased, after a deep vein thrombosis was diagnosed;

d.   Failed to discontinue the use the sequential compression device after a deep vein thrombosis was diagnosed;

e.   Prematurely discharged PHILLIP CASEY, Deceased, from the hospital;

f.   Failed to properly consult with Marjorie Guthrie, M.D., and/or other physicians regarding the care and treatment of PHILLIP CASEY, Deceased.

g.   Otherwise failed to provide appropriate medical care to PHILLIP CASEY, Deceased.

7.   That as a direct and proximate result of one or more of the foregoing acts of negligence on the part of the Defendant, ST. ELIZABETH'S HOSPITAL, through its agents, JULIE WITTENAUER, M.D., ASHLEY MALCOLM, M.D. and DAVID DORSEY, M.D., PHILLIP CASEY, Deceased, expired on September 25, 2007.

8.   PHILLIP CASEY, Deceased, left surviving heirs, his wife, MARY CASEY, and two children, MARY C. CASEY and PHILLIP CASEY II.

9.   As a direct and proximate result of the death of PHILLIP CASEY, Deceased, MARY CASEY, MARY C. CASEY and PHILLIP CASEY II have been deprived of society, companionship and affections, have suffered grief and sorrow and have expended   sums of money for the funeral and burial of PHILLIP CASEY, Deceased.

10.    Attached hereto and made a part hereof, in conformance with 735 ILCS 5/2-622, is an Affidavit of Counsel marked as Exhibit "A" and an Affidavit from healthcare professional marked as Exhibit "H".

WHEREFORE, the Plaintiff, MARY CASEY, as ADMINISTRATOR of the ESTATE OF PHILLIP CASEY, Deceased, demands judgment against the Defendant, ST. ELIZABETH'S HOSPITAL, through its agents, JULIE WITTENAUER, M.D., ASHLEY MALCOLM, M.D. and DAVID DORSEY, M.D., in a dollar amount in excess of $50,000.00, plus costs of suit.

## Count IX
## ST. ELIZABETH'S HOSPITAL
### (Wrongful Death)

1.    The Defendant is a corporation licensed by the Illinois Department of Public Health to operate a hospital facility within the City of Belleville, County of St. Clair, State of Illinois.

2.    From September 23 to September 25, 2007, PHILLIP CASEY, Deceased, was a patient at said hospital.

3.    During the time described in the aforesaid paragraphs, PHILLIP CASEY, Deceased, was hospitalized and receiving medical care at ST. ELIZABETH'S HOSPITAL by various employees and agents of ST. ELIZABETH'S HOSPITAL in their capacities as nurses, technicians, physicians and staff members, who provided various types of care to PHILLIP CASEY, Deceased, consisting of nursing care, diagnostic studies and laboratory services.

4.    At all times relevant, it was the duty of the Defendant, ST. ELIZABETH'S HOSPITAL, by and through its agents and employees, to provide care, apply knowledge

and use the skills ordinarily and commonly used by reasonably well qualified hospital personnel, in their capacity as nurses, technicians, hospital-employed physician's and others providing laboratory and diagnostic services and ancillary care.

5.     That notwithstanding said duty, the Defendant, ST. ELIZABETH'S HOSPITAL, by and through its employees and agents, was guilty of one or more of the following acts of negligence:

a.     Failed to have a policy in place that prevented the discharge of patients diagnosed with pulmonary embolism until they reached a therapeutic level in blood anticoagulation;

b.     Failed to enforce its policy that prevented the discharge of patients diagnosed with pulmonary embolism until they reached a therapeutic level in blood anticoagulation;

c.     Through its agents and employees, failed to properly treat PHILLIP CASEY, Deceased, after he collapsed in the hospital following his improper discharge;

d.     Failed to have a policy in place that prevented the use of sequential compression devices after a deep vein thrombosis was suspected or confirmed;

e.     Failed to enforce its policy that prevented the use of sequential compression devices after a deep vein thrombosis was suspected or confirmed;

f.     Failed to effectively communicate results from diagnostic studies;

g.     Failed to have a policy in place regarding the proper supervision of residents;

h.     Failed to enforce its policy regarding the proper supervision of residents;

i.     Allowed a sequential compression device to be applied to PHILLIP CASEY, Deceased, after a deep vein thrombosis was or should have been suspected;

j.     Allowed a sequential compression device to be applied to PHILLIP CASEY, Deceased, after a deep vein thrombosis was diagnosed;

k.    Failed to discontinue the use of the sequential compression device after a deep vein thrombosis was diagnosed;

l.    Otherwise failed to provide appropriate hospital care.

6.    That as a direct and proximate result of one or more foregoing acts of negligence on the part of the Defendant's employees and agents, PHILLIP CASEY, Deceased, expired on or about September 25, 2007.

7.    PHILLIP CASEY, Deceased, left surviving heirs, his wife, MARY CASEY, and two children, MARY C. CASEY and PHILLIP CASEY II.

8.    As a direct and proximate result of the death of PHILLIP CASEY, Deceased, MARY CASEY, MARY C. CASEY and PHILLIP CASEY II have been deprived of society, companionship and affections, have suffered grief and sorrow and have expended  sums of money for the funeral and burial of PHILLIP CASEY, Deceased.

9.    Attached hereto and made a part hereof, in conformance with 735 ILCS 5/2-622, is an Affidavit of Counsel marked as Exhibit "A" and an Affidavit from healthcare professional marked as Exhibit "H".

WHEREFORE, the Plaintiff, MARY CASEY, as ADMINISTRATOR of the ESTATE OF PHILLIP CASEY, Deceased, demands judgment against the Defendant, ST. ELIZABETH'S HOSPITAL, in a dollar amount in excess of $50,000.00, plus costs of suit.

## COUNT X
## ST. ELIZABETH'S HOSPITAL
### (Wrongful Death – Apparent Agency)

1.      That Plaintiff, MARY CASEY, as ADMINISTRATOR of the ESTATE OF PHILLIP CASEY, Deceased, has been appointed Administrator of the Estate of PHILLIP CASEY, Deceased, and brings this action under the Wrongful Death Act.

2.      On about September 23, 2007 and through September 25, 2007, the Defendant, MARJORIE GUTHRIE, M.D., was a physician licensed to practice medicine in the State of Illinois and specializing in family medicine.

3.      On about September 23, 2007 and through September 25, 2007, the Defendant, ROOP LAL, M.D., was a physician licensed to practice medicine in the State of Illinois and specializing in cardiology.

4.      On about September 23, 2007 and through September 25, 2007, the Defendant, HEIDI DUFF, P.A., was a physician's assistant licensed to practice medicine in the State of Illinois and specializing in cardiology.

5.      On about September 23, 2007 and through September 25, 2007, the Defendants, MARJORIE GUTHRIE, M.D., ROOP LAL, M.D. and HEIDI DUFF, P.A., were the apparent agents of ST. ELIZABETH HOSPITAL and were acting in the course and scope of their agency.

5.      That at all times herein mentioned, the Defendant, ST. ELIZABETH HOSPITAL, through its agents, MARJORIE GUTHRIE, M.D., ROOP LAL, M.D. and HEIDI DUFF, P.A., had a duty to apply the knowledge and use the skills and care ordinarily used by reasonably well-qualified physicians who specialize in family medicine and cardiology and reasonably well-qualified physician's assistants.

6.     That notwithstanding said duty, the Defendant, ST. ELIZABETH HOSPITAL, through its agents, MARJORIE GUTHRIE, M.D., ROOP LAL, M.D. and HEIDI DUFF, P.A., were then and there guilty of one or more of the following acts of negligence:

    a.     Failed to properly formulate, administer and manage a health care plan for PHILLIP CASEY, Deceased, who was diagnosed with a pulmonary embolism and deep vein thrombosis and had multiple risk factors for the development of blood clotting;

    b.     Allowed a sequential compression device to be applied to PHILLIP CASEY, Deceased, after a deep vein thrombosis was or should have been suspected;

    c.     Allowed a sequential compression device to be applied to PHILLIP CASEY, Deceased, after a deep vein thrombosis was diagnosed;

    d.     Failed to discontinue the use of the sequential compression device after a deep vein thrombosis was diagnosed;

    e.     Prematurely discharged PHILLIP CASEY, Deceased, from the hospital;

    f.     Failed to properly supervise residents who were treating PHILLIP CASEY, deceased.

    g.     Failed to properly supervise residents in the care and treatment of PHILLIP CASEY, Deceased.

    h.     Failed to properly supervise physician's assistants who were treating PHILLIP CASEY, deceased.

    i.     Otherwise failed to provide appropriate medical care to PHILLIP CASEY, Deceased.

7.     That as a direct and proximate result of one or more of the foregoing acts of negligence on the part of the Defendant, ST. ELIZABETH'S HOSPITAL, through its agents,   MARJORIE GUTHRIE, M.D., ROOP LAL, M.D. and HEIDI DUFF, P.A., PHILLIP CASEY, Deceased, expired on September 25, 2007.

8.    PHILLIP CASEY, Deceased, left surviving heirs, his wife, MARY CASEY, and two children, MARY C. CASEY and PHILLIP CASEY II.

9.    As a direct and proximate result of the death of PHILLIP CASEY, Deceased, MARY CASEY, MARY C. CASEY and PHILLIP CASEY II have been deprived of society, companionship and affections, have suffered grief and sorrow and have expended  sums of money for the funeral and burial of PHILLIP CASEY, Deceased.

10.    Attached hereto and made a part hereof, in conformance with 735 ILCS 5/2-622, is an Affidavit of Counsel marked as Exhibit "A" and Affidavits from Healthcare Professionals marked as Exhibit "B", "F", "G" and "H".

WHEREFORE, the Plaintiff, MARY CASEY, as ADMINISTRATOR of the ESTATE OF PHILLIP CASEY, Deceased, demands judgment against the Defendant, ST. ELIZABETH'S HOSPITAL, through its agents, MARJORIE GUTHRIE, M.D., ROOP LAL, M.D. and HEIDI DUFF, P.A., in a dollar amount in excess of $50,000.00, plus costs of suit.

## COUNT XI
## CARDIOLOGY CONSULTANTS, LTD.
### (Wrongful Death - Agency)

1.    That Plaintiff, MARY CASEY, as ADMINISTRATOR of the ESTATE OF PHILLIP CASEY, Deceased, has been appointed Administrator of the Estate of PHILLIP CASEY, Deceased, and brings this action under the Wrongful Death Act.

2.    On or about September 23, 2007 and through September 25, 2007, the Defendant, ROOP LAL, M.D., was a physician licensed to practice medicine in the State of Illinois and specializing in cardiology.

3.   On or about September 23, 2007 through September 25, 2007, the Defendant, HEIDI DUFF, P.A., was a physician's assistant licensed to practice medicine in the State of Illinois.

3.   That at all times herein mentioned, the Defendants, ROOP LAL, M.D. and HEIDI DUFF, P.A., were employed by and were acting within the scope of their employment with CARDIOLOGY CONSULTANTS, LTD.

4.   On about September 23, 2007 and through September 25, 2007, the Defendant, CARDIOLOGY CONSULTANTS, LTD., through its agents, ROOP LAL, M.D. and HEIDI DUFF, P.A., provided medical treatment to PHILLIP CASEY, Deceased.

5.   That at all times herein mentioned, the Defendant, CARDIOLOGY CONSULTANTS, LTD., through its agents, ROOP LAL, M.D. and HEIDI DUFF, P.A., had a duty to apply the knowledge and use the skills and care ordinarily used by reasonably well-qualified physicians who specialize in cardiology and reasonably well-qualified physician's assistants.

6.   That notwithstanding said duty, the Defendant, CARDIOLOGY CONSULTANTS, LTD., through its agents, ROOP LAL, M.D. and HEIDI DUFF, P.A., were then and there guilty of one or more of the following acts of negligence:

    a.   Failed to properly formulate and administer and manage a health care plan for PHILLIP CASEY, Deceased, who was diagnosed with a pulmonary embolism and deep vein thrombosis and had multiple risk factors for the development of blood clotting;

    b.   Allowed a sequential compression devise to be applied to PHILLIP CASEY, Deceased, after a deep vein thrombosis was or should have been suspected;

    c.   Allowed a sequential compression device to be applied to PHILLIP

CASEY, Deceased. after a deep vein thrombosis was diagnosed;

d.     Failed to discontinue the use the sequential compression device after a deep vein thrombosis was diagnosed;

e.     Prematurely discontinued care of PHILLIP CASEY, Deceased;

f.     Failed to properly supervise physician's assistants who were treating PHILLIP CASEY, Deceased;

g.     Failed to properly consult with ROOP LAL, M.D. regarding the care and treatment of PHILLIP CASEY, Deceased;

h.     Otherwise failed to provide appropriate medical care to PHILLIP CASEY, Deceased.

7.     That as a direct and proximate result of one or more of the foregoing acts of negligence on the part of the Defendant, CARDIOLOGY CONSULTANTS, LTD., through its agents. ROOP LAL, M.D. and HEIDI DUFF, P.A., PHILLIP CASEY, Deceased, expired on September 25, 2007.

8.     PHILLIP CASEY, Deceased, left surviving heirs, his wife, MARY CASEY, and two children, MARY C. CASEY and PHILLIP CASEY II.

9.     As a direct and proximate result of the death of PHILLIP CASEY, Deceased, MARY CASEY, MARY C. CASEY and PHILLIP CASEY II have been deprived of society, companionship and affections, have suffered grief and sorrow and have expended   sums of money for the funeral and burial of PHILLIP CASEY, Deceased.

10.    Attached hereto and made a part hereof, in conformance with 735 ILCS 5/2-622, is an Affidavits of Counsel marked as Exhibits "A" and "G", and an Affidavit from Healthcare Professional marked as Exhibit "F".

WHEREFORE, the Plaintiff, MARY CASEY, as ADMINISTRATOR of the

ESTATE OF PHILLIP CASEY, Deceased, demands judgment against the Defendant, CARDIOLOGY CONSULTANTS, LTD., through its agents. ROOP LAL, M.D. and HEIDI DUFF, P.A., in a dollar amount in excess of $50,000.00, plus costs of suit.

### COUNT XII
### MARJORIE GUTHRIE, M.D.
### (Survival Act)

1-8.    Plaintiff adopts and re-alleges paragraphs (1) through (8) of Count I as Plaintiff's (1) through (8) of Count XII as though fully set forth herein.

9.    As a direct and proximate result of one or more of the foregoing acts or omissions, PHILLIP CASEY, Deceased, suffered great pain and agony and incurred significant medical bills and funeral expenses.

10.    Attached hereto and made a part hereof,  in conformance with 735 ILCS 5/2-622 is an Affidavit of Counsel marked as Exhibit "A" and an Affidavit from Healthcare Professional marked as Exhibit "B".

WHEREFORE, the Plaintiff, MARY CASEY, as Administrator of the Estate of PHILLIP CASEY, Deceased, demands judgment against the Defendant, MARJORIE GUTHRIE, M.D., in a dollar amount in excess of $50,000.00, plus costs of suit.

### COUNT XIII
### JULIE WITTENAUER, M.D.
### (Survival Act)

1-8.    Plaintiff adopts and re-alleges paragraphs (1) through (8) of Count II as Plaintiff's (1) through (8) of Count XIII as though fully set forth herein.

9.    As a direct and proximate result of one or more of the foregoing acts or omissions, PHILLIP CASEY, Deceased, suffered great pain and agony and incurred significant medical bills and funeral expenses.

10.     Attached hereto and made a part hereof, in conformance with 735 ILCS 5/2-622, is an Affidavit of Counsel marked as Exhibit "A" and an Affidavit from Healthcare Professional marked as Exhibit "C".

WHEREFORE, the Plaintiff, MARY CASEY, as Administrator of the Estate of PHILLIP CASEY, Deceased, demands judgment against the Defendant, JULIE WITTENAUER, M.D., in a dollar amount in excess of $50,000.00, plus costs of suit.

## COUNT XIV
## ASHLEY MALCOLM, M.D.
### (Survival Act)

1-8.   Plaintiff adopts and re-alleges paragraphs (1) through (8) of Count III as Plaintiff's (1) through (8) of Count XIV as though fully set forth herein.

9.     As a direct and proximate result of one or more of the foregoing acts or omissions, PHILLIP CASEY, Deceased, suffered great pain and agony and incurred significant medical bills and funeral expenses.

10.     Attached hereto and made a part hereof, in conformance with 735 ILCS 5/2-622, is an Affidavit of Counsel marked as Exhibit "A" and an Affidavit from Healthcare Professional marked as Exhibit "D".

WHEREFORE, the Plaintiff, MARY CASEY, as Administrator of the Estate of PHILLIP CASEY, Deceased, demands judgment against the Defendant, ASHLEY MALCOLM, M.D., in a dollar amount in excess of $50,000.00, plus costs of suit.

## COUNT XV
## DAVID DORSEY, M.D.
### (Survival Act)

1-8.   Plaintiff adopts and re-alleges paragraphs (1) through (8) of Count IV as Plaintiff's (1) through (8) of Count XV as though fully set forth herein.

9.    As a direct and proximate result of one or more of the foregoing acts or omissions, PHILLIP CASEY, Deceased, suffered great pain and agony and incurred significant medical bills and funeral expenses.

10.    Attached hereto and made a part hereof, in conformance with 735 ILCS 5/2-622, is an Affidavit of Counsel marked as Exhibit "A" and an Affidavit from Healthcare Professional marked as Exhibit "E".

WHEREFORE, the Plaintiff, MARY CASEY, as Administrator of the Estate of PHILLIP CASEY, Deceased, demands judgment against the Defendant, DAVID DORSEY, M.D., in a dollar amount in excess of $50,000.00, plus costs of suit.

<u>COUNT XVI</u>
<u>ROOP LAL, M.D.</u>
(Survival Act)

1-8.    Plaintiff adopts and re-alleges paragraphs (1) through (8) of Count V as Plaintiff's (1) through (8) of Count XVI as though fully set forth herein.

9.    As a direct and proximate result of one or more of the foregoing acts or omissions, PHILLIP CASEY, Deceased, suffered great pain and agony and incurred significant medical bills and funeral expenses.

10.    Attached hereto and made a part hereof,  in conformance with 735 ILCS 5/2-622, is an Affidavit of Counsel marked as Exhibit "A" and an Affidavit from Healthcare Professional marked as Exhibit "F".

WHEREFORE, the Plaintiff, MARY CASEY, as Administrator of the Estate of PHILLIP CASEY, Deceased, demands judgment against the Defendant, ROOP LAL, M.D., in a dollar amount in excess of $50,000.00, plus costs of suit.

## COUNT XVII
## HEIDI DUFF, P.A.
### (Survival Act)

1-8.   Plaintiff adopts and re-alleges paragraphs (1) through (8) of Count VI as Plaintiff's (1) through (8) of Count XVII as though fully set forth herein.

9.   As a direct and proximate result of one or more of the foregoing acts or omissions, PHILLIP CASEY, Deceased, suffered great pain and agony and incurred significant medical bills and funeral expenses.

10.   Attached hereto and made a part hereof, in conformance with 735 ILCS 5/2-622, is an Affidavit of Counsel marked as Exhibit "G".

WHEREFORE, the Plaintiff, MARY CASEY, as Administrator of the Estate of PHILLIP CASEY, Deceased, demands judgment against the Defendant, HEIDI DUFF, P.A., in a dollar amount in excess of $50,000.00, plus costs of suit.

## COUNT XVIII
## BELLEVILLE FAMILY HEALTH CENTER
### (Survival Act)

1-8.   Plaintiff adopts and re-alleges paragraphs (1) through (8) of Count VII as Plaintiff's (1) through (8) of Count XVIII as though fully set forth herein.

9.   As a direct and proximate result of one or more of the foregoing acts or omissions, PHILLIP CASEY, Deceased, suffered great pain and agony and incurred significant medical bills and funeral expenses.

10.   Attached hereto and made a part hereof, in conformance with 735 ILCS 5/2-622, is an Affidavit of Counsel marked as Exhibit "A" and an Affidavit from Healthcare Professional marked as Exhibits "B".

WHEREFORE, the Plaintiff, MARY CASEY, as Administrator of the Estate of

PHILLIP CASEY, Deceased, demands judgment against the Defendant, BELLEVILLE FAMILY HEALTH CENTER in a dollar amount in excess of $50,000.00, plus costs of suit.

## COUNT XIX
## ST. ELIZABETH'S HOSPITAL
### (Survival Act - Agency)

1-8.   Plaintiff adopts and re-alleges paragraphs (1) through (8) of Count VIII as Plaintiff's (1) through (8) of Count XIX as though fully set forth herein.

9.   As a direct and proximate result of one or more of the foregoing acts or omissions, PHILLIP CASEY, Deceased, suffered great pain and agony and incurred significant medical bills and funeral expenses.

10.   Attached hereto and made a part hereof, in conformance with 735 ILCS 5/2-622, is an Affidavit of Counsel marked as Exhibit "A" and an Affidavit from healthcare professional marked as Exhibit "H".

WHEREFORE, the Plaintiff, MARY CASEY, as Administrator of the Estate of PHILLIP CASEY, Deceased, demands judgment against the Defendant, ST. ELIZABETH'S HOSPITAL in a dollar amount in excess of $50,000.00, plus costs of suit.

## COUNT XX
## ST. ELIZABETH'S HOSPITAL
### (Survival Act)

1-8.   Plaintiff adopts and re-alleges paragraphs (1) through (8) of Count IX as Plaintiff's (1) through (8) of Count XX as though fully set forth herein.

9.   As a direct and proximate result of one or more of the foregoing acts or omissions, PHILLIP CASEY, Deceased, suffered great pain and agony and incurred significant medical bills and funeral expenses.

10.    Attached hereto and made a part hereof. in conformance with 735 ILCS 5/2-622, is an Affidavit of Counsel marked as Exhibit "A" and Affidavit from Healthcare Professional marked as Exhibits "H".

WHEREFORE, the Plaintiff, MARY CASEY, as Administrator of the Estate of PHILLIP CASEY, Deceased, demands judgment against the Defendant, ST. ELIZABETH'S HOSPITAL in a dollar amount in excess of $50,000.00, plus costs of suit.

## COUNT XXI
## ST. ELIZABETH'S HOSPITAL
### (Survival Act)

1-8.    Plaintiff adopts and re-alleges paragraphs (1) through (8) of Count X as Plaintiff's (1) through (8) of Count XXI as though fully set forth herein.

9.      As a direct and proximate result of one or more of the foregoing acts or omissions, PHILLIP CASEY, Deceased, suffered great pain and agony and incurred significant medical bills and funeral expenses.

10.     Attached hereto and made a part hereof, in conformance with 735 ILCS 5/2 -622, is an Affidavits of Counsel marked as Exhibits "A" and "G", and Affidavits from Healthcare Professional marked as Exhibits "B", "F" and "H".

WHEREFORE, the Plaintiff, MARY CASEY, as Administrator of the Estate of PHILLIP CASEY, Deceased, demands judgment against the Defendant, ST. ELIZABETH'S HOSPITAL in a dollar amount in excess of $50,000.00, plus costs of suit.

## COUNT XXII
## CARDIOLOGY CONSULTANTS, LTD
### (Survival Act)

1-8.    Plaintiff adopts and re-alleges paragraphs (1) through (8) of Count XI as Plaintiff's (1) through (8) of Count XXII as though fully set forth herein.

9.    As a direct and proximate result of one or more of the foregoing acts or omissions, PHILLIP CASEY, deceased, suffered great pain and agony and incurred significant medical bills and funeral expenses.

10.    Attached hereto and made a part hereof, in conformance with 735 ILCS 5/2-622, is an Affidavit of Counsel marked as Exhibit "A" and an Affidavit from Healthcare Professional marked as Exhibits "F".

WHEREFORE, the Plaintiff, MARY CASEY, as Administrator of the Estate of PHILLIP CASEY, Deceased, demands judgment against the Defendant, CARDIOLOGY CONSULTANTS, LTD., in a dollar amount in excess of $50,000.00, plus costs of suit.

MARY CASEY, as Administrator of the
Estate of PHILLIP CASEY, Deceased.

By: _____
William V. Kozol
Atty. No. 3121881
Rathbun, Cservenyak & Kozol, LLC
3260 Executive Drive
Joliet, Illinois 60431
(815) 730-1977

33

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

MARY CASEY, as ADMINISTRATOR of the )
ESTATE OF PHILLIP CASEY, Deceased )
)
Plaintiff, )
)
vs. )
)
MARJORIE GUTHRIE, M.D., SOUTHERN )
ILLINOIS HEALTH CARE FOUNDATION INC. )
d/b/a BELLEVILLE FAMILY HEALTH )
CENTER, JULIE WITTNENAUER, M.D., )
ASHLEY MALCOLM, M.D., DAVID DORSEY, )
M.D., ST. ELIZABETH'S HOSPITAL OF THE )
HOSPITAL SISTERS OF ST. FRANCIS, an )
Illinois corporation, ROOP LAL, M.D., HEIDI )
DUFF, P.A. and CARDIOLOGY )
CONSULTANTS, LTD. )
)
Defendants )

Case No:

**FILED**
ST. CLAIR COUNTY
SEP 2 2 2009
_____
CIRCUIT CLERK

## AFFIDAVIT OF DAMAGES PURSUANT TO SUPREME COURT RULE 222

I, WILLIAM V. KOZOL, being first duly sworn and under oath, states that the attached

complaint does seek damages in excess of $50,000.00.

_____
William V. Kozol
RATHBUN, CSERVENYAK & KOZOL, LLC.
3260 Executive Drive
Joliet, IL 60431
(815) 730-1977

SUBSCRIBED and SWORN to before me
this 18th day of _Sept_____, 2009.

_Laurie Ann Little_____
Notary Public

OFFICIAL SEAL
LAURIE ANN LITTLE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/08/10

33

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

MARY CASEY, as ADMINISTRATOR of the )
ESTATE OF PHILLIP CASEY, Deceased )
                                   )
    Plaintiff,                     )
                 vs.               )
                                   )
MARJORIE GUTHRIE, M.D., SOUTHERN   )
ILLINOIS HEALTH CARE FOUNDATION INC. )   Case No:
d/b/a BELLEVILLE FAMILY HEALTH     )
CENTER, JULIE WITTNENAUER, M.D.,   )
ASHLEY MALCOLM, M.D., DAVID DORSEY, )
M.D., ST. ELIZABETH'S HOSPITAL OF THE )
HOSPITAL SISTERS OF ST. FRANCIS, an )
Illinois corporation, ROOP LAL, M.D., HEIDI )
DUFF, P.A. and CARDIOLOGY         )
CONSULTANTS, LTD.                  )
                                   )
    Defendants                     )

**JURY DEMAND**

The undersigned demands a Jury Trial.

RATHBUN, CSERVENYAK & KOZOL, LLC

By: _____
        Attorney for Plaintiff

William V. Kozol #03121881
RATHBUN, CSERVENYAK & KOZOL, LLC
3260 Executive Drive
Joliet, Illinois 60431
815-730-1977
815-730-1934-Fax

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

MARY CASEY, as ADMINISTRATOR of the )
ESTATE OF PHILLIP CASEY, Deceased )
                                    )
        Plaintiff,                  )
                                    )
                vs.                 )
                                    )
MARJORIE GUTHRIE, M.D., SOUTHERN    )
ILLINOIS HEALTHCARE CENTERS d/b/a   )
BELLEVILLE FAMILY HEALTH CENTER,    )
JULIE WITTNENAUER, M.D., ASHLEY     )
MALCOLM, M.D., DAVID DORSEY, M.D.,  )
ST. ELIZABETH'S HOSPITAL OF THE     )
HOSPITAL SISTERS OF ST. FRANCIS, an )
Illinois corporation, ROOP LAL, M.D., HEIDI )
DUFF, P.A. and CARDIOLOGY           )
CONSULTANTS, LTD.                   )
                                    )
        Defendants                  )

## AFFIDAVIT OF COUNSEL

I, William V. Kozol, being first duly sworn under oath, states as follows:

1.      The affiant is the attorney for the Plaintiff;

2.      The affiant has consulted and reviewed the facts of this case with an internal medicine physician and cardiologist who affiant believes are knowledgeable in the relevant issues involved in this action and meet the expert witness standards set forth in paragraphs (a) through (d) of 735 ILCS 5/8-2501.

3.      The reviewing physicians are qualified by experience and are knowledgeable in the care and treatment of patients in their respective fields.

4       The attached written reports of the reviewing physicians indicate that there exists a reasonable and meritorious cause for the filing of the action herein against named defendants.

5.      Based upon the aforesaid reports, affiant believes there is a reasonable and meritorious cause for the filing of the action herein.

**Exhibit "A"**

6.      Under penalties as provided by law pursuant to Section 1-109 of the Code of

Civil Procedure, I certify the statements set forth in this instrument are true and correct, except

as to matters therein stated to be on information and belief and as to such matters, I certify as

aforesaid that I verily believe the same to be true.

_____
WILLIAM V. KOZOL

SUBSCRIBED and SWORN to
before me this __17__ day of
____Sept_____, 2009


_____
Notary Public

```
OFFICIAL SEAL
LAURIE ANN LITTLE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/08/10
```

William V. Kozol
Atty. No. 3121881
Rathbun, Cservenyak & Kozol, LLC
3260 Executive Drive
Joliet, Illinois 60431
(815) 730-1977

**Exhibit "A"**

<u>REPORT OF CONSULTING HEALTH PROFESSIONAL</u>
<u>AS TO</u>
<u>MARJORIE GUTHRIE, M.D. and BELLEVILLE FAMILY HEALTH CENTER</u>

I am a physician licensed to practice medicine in all its branches.  My specialty is Internal Medicine.  I have been licensed to practice medicine since 1983 and have been board certified in the field of internal medicine since 1983.  I have devoted the majority of my work and time to the practice of internal medicine and have had significant experience in the practice of internal medicine and am familiar with the standard of care, methods, procedures and treatments relative to the allegations against MARJORIE GUTHRIE, M.D., and specifically to the care and treatment of patients diagnosed with a pulmonary embolism and deep vein thrombosis (DVT).

I have reviewed the medical records of Saint Elizabeth Hospital regarding the care and treatment of Phillip Casey, deceased.  I am knowledgeable in the issues that are relevant in this case and am qualified by experience, education and training to render opinions in this matter.  I am familiar with the appropriate standard of care for reasonably well qualified physicians in the field of Family Practice providing care and treatment to the a patient diagnosed with pulmonary embolism and DVT.

It is my professional opinion that there exists a reasonable and meritorious cause for the filing of a professional negligence lawsuit against MARJORIE GUTHRIE, M.D. and BELLEVILLE FAMILY HEALTH CENTER for the reason that MARJORIE GUTHRIE, M.D. deviated from the standard of care in the following manner:

a.    Failed to properly formulate, administer and manage a health care plan for Phillip Casey, deceased, who was diagnosed with a pulmonary embolism and deep vein thrombosis and had multiple risk factors for the development of blood clotting;

b.    Allowed a sequential compression device to be applied to Phillip Casey, deceased, after a deep vein thrombosis was or should have been suspected;

**Exhibit "B"**

c.      Allowed a sequential compression device to be applied to Phillip
        Casey, deceased, after a deep vein thrombosis was diagnosed;

d.      Failed to discontinue the use the sequential compression device after a
        deep vein thrombosis was diagnosed;

e.      Failed to properly supervise the residents who were treating Phillip
        Casey, deceased.

It is my opinion that one or more of the foregoing was a proximate cause of injuries and

death sustained by Phillip Casey, deceased.

Dated:_____

Charles D.  Dillon, M.D.
UNIVERSITY ASSOCIATES IN
INTERNAL MEDICINE SC
660 N Lake Shore Drive #118
Chicago Il  60611
Illinois License # 036-066243

**Exhibit "B"**

<u>REPORT OF CONSULTING HEALTH PROFESSIONAL</u>
<u>AS TO</u>
<u>JULIE WITTENAUER, M.D.</u>

I am a physician licensed to practice medicine in all its branches.  My specialty is Internal Medicine.  I have been licensed to practice medicine since 1983 and have been board certified in the field of internal medicine since 1983.  I have devoted the majority of my work and time to the practice of internal medicine and have had significant experience in the practice of internal medicine and am familiar with the standard of care, methods, procedures and treatments relative to the allegations against JULIE WITTENAUER, M.D., and specifically to the care and treatment of patients diagnosed with a pulmonary embolism and deep vein thrombosis (DVT).

I have reviewed the medical records of Saint Elizabeth Hospital regarding the care and treatment of Phillip Casey, deceased.  I am knowledgeable in the issues that are relevant in this case and am qualified by experience, education and training to render opinions in this matter.  I am familiar with the appropriate standard of care for reasonably well qualified physicians who acted as residents in the field of family practice in a hospital setting providing care and treatment to a patient diagnosed with pulmonary embolism and DVT.

It is my professional opinion that there exists a reasonable and meritorious cause for the filing of a professional negligence lawsuit against JULIE WITTENAUER, M.D. for the reason that JULIE WITTENAUER, M.D. deviated from the standard of care in the following manner:

a.      Failed to properly formulate, administer and manage a health care plan for Phillip Casey, deceased, who was diagnosed with a pulmonary embolism and deep vein thrombosis and had multiple risk factors for the development of blood clotting;

**Exhibit "C"**

    b.      Allowed a sequential compression device to be applied to Phillip Casey, deceased, after a deep vein thrombosis was or should have been suspected;

    c.      Allowed a sequential compression device to be applied to Phillip Casey, deceased, after a deep vein thrombosis was diagnosed;

    d.      Failed to discontinue the use the sequential compression device after a deep vein thrombosis was diagnosed;

    e.      Failed to properly consult with Marjorie Guthrie, M.D. and/or other physicians regarding the care and treatment of Phillip Casey, deceased.

It is my opinion that one or more of the foregoing was a proximate cause of injuries and death sustained by Phillip Casey.

Dated: _9- 16-09_

_Charles D. Dillon, M.D._
Charles D.  Dillon, M.D.
UNIVERSITY ASSOCIATES IN
INTERNAL MEDICINE SC
660 N Lake Shore Drive #118
Chicago Il  60611
Illinois License # 036-066243

**Exhibit "C"**

## REPORT OF CONSULTING HEALTH PROFESSIONAL
### AS TO
### ASHLEY MALCOLM, M.D.

I am a physician licensed to practice medicine in all its branches. My specialty is Internal Medicine. I have been licensed to practice medicine since 1983 and have been board certified in the field of internal medicine since 1983. I have devoted the majority of my work time to the practice of internal medicine and have had significant experience and am familiar with the standard of care, methods, procedures and treatments relative to the allegations against ASHLEY MALCOM, M.D., and specifically to the care and treatment of patients diagnosed with a pulmonary embolism and deep vein thrombosis (DVT).

I have reviewed the medical records of Saint Elizabeth Hospital regarding the care and treatment of Phillip Casey, deceased. I am knowledgeable in the issues that are relevant in this case and am qualified by experience, education and training to render opinions in this matter. I am familiar with the appropriate standard of care for reasonably well qualified physicians who acted as residents in the field of family practice in a hospital setting

It is my professional opinion that there exists a reasonable and meritorious cause for the filing of a professional negligence lawsuit against ASHLEY MALCOLM, M.D. for the reason that ASHLEY MALCOLM, M.D. deviated from the standard of care in the following manner:

    a.    Failed to properly formulate and administer and manage a health care plan for Phillip Casey, deceased, who was diagnosed with a pulmonary embolism and deep vein thrombosis and had multiple risk factors for the development of blood clotting;

    b.    Allowed a sequential compression devise to be applied to Phillip Casey, deceased, after a deep vein thrombosis was or should have been suspected;

**Exhibit "D"**

c.     Allowed a sequential compression device to be applied to Phillip
       Casey, deceased, after a deep vein thrombosis was diagnosed;

d.     Failed to discontinue the use the sequential compression device after a
       deep vein thrombosis was diagnosed;

e.     Failed to properly consult with Marjorie Guthrie, M.D. and/or other
       physicians regarding the care and treatment of Phillip Casey, deceased.

It is my opinion that one or more of the foregoing was a proximate cause of injuries and

death sustained by Phillip Casey.

Dated: _____

_____
Charles D.  Dillon, M.D.
UNIVERSITY ASSOCIATES IN
INTERNAL MEDICINE SC
660 N Lake Shore Drive #118
Chicago Il  60611
Illinois License # 036-066243

**Exhibit "D"**

## REPORT OF CONSULTING HEALTH PROFESSIONAL
### AS TO
### DAVID DORSEY, M.D.

I am a physician licensed to practice medicine in all its branches.  My specialty is Internal Medicine.  I have been licensed to practice medicine since 1983 and have been board certified in the field of internal medicine since 1983.  I have devoted the majority of my work time to the practice of internal medicine and have had significant experience and am familiar with the standard of care, methods, procedures and treatments relative to the allegations against DAVID DORSEY, M.D.. and specifically to the care and treatment of patients diagnosed with a pulmonary embolism and deep vein thrombosis (DVT).

I have reviewed the medical records of Saint Elizabeth Hospital regarding the care and treatment of Phillip Casey, deceased.  I am knowledgeable in the issues that are relevant in this case and am qualified by experience, education and training to render opinions in this matter.  I am familiar with the appropriate standard of care for reasonably well qualified physicians who acted as residents in the field of family practice in a hospital setting.

It is my professional opinion that there exists a reasonable and meritorious cause for the filing of a professional negligence lawsuit against DAVID DORSEY, M.D. for the reason that DAVID DORSEY, M.D. deviated from the standard of care in the following manner:

    a.    Failed to properly formulate and administer and manage a health care plan for Phillip Casey, deceased, who was diagnosed with a pulmonary embolism and deep vein thrombosis and had multiple risk factors for the development of blood clotting;

    b.    Allowed a sequential compression devise to be applied to Phillip Casey, deceased, after a deep vein thrombosis was or should have been suspected;

**Exhibit "E"**

c.      Allowed a sequential compression device to be applied to Phillip
        Casey, deceased, after a deep vein thrombosis was diagnosed;

d.      Failed to discontinue the use the sequential compression device after a
        deep vein thrombosis after a deep vein thrombosis was diagnosed:

e.      Failed to properly consult with Marjorie Guthrie, M.D. and/or other
        physicians regarding the care and treatment of Phillip Casey, deceased.

It is my opinion that one or more of the foregoing was a proximate cause of injuries and

death sustained by Phillip Casey.

Dated: _____9. 12. 39_____

_Charles D. Dillon M.D_

Charles D.  Dillon, M.D.
UNIVERSITY ASSOCIATES IN
INTERNAL MEDICINE SC
660 N Lake Shore Drive #118
Chicago Il  60611
Illinois License # 036-066243

**Exhibit "E"**

## REPORT OF CONSULTING HEALTH PROFESSIONAL
### AS TO
## ROOP LAL, M.D. and CARDIOLOGY CONSULTANTS, LTD.

I am a physician licensed to practice medicine in all its branches.  My specialty is cardiology.  I have been licensed to practice medicine since 1987 and have been board certified in the field of cardiology since 1991 and interventional cardiology since 2001.  I have devoted the majority of my work and time to the practice of cardiology and have had significant experience in the practice of cardiology and am familiar with the standard of care, methods, procedures and treatments relative to the allegations against ROOP LAL, M.D., and specifically to the care and treatment of patients diagnosed with a pulmonary embolism and deep vein thrombosis (DVT).

I have reviewed the medical records of St. Elizabeth's Hospital regarding the care and treatment of Phillip Casey, deceased.  I am knowledgeable in the issues that are relevant in this case and am qualified by experience, education and training to render opinions in this matter.  I am familiar with the appropriate standard of care for reasonably well qualified physicians in the field of cardiology providing care and treatment to a patient diagnosed with pulmonary embolism and DVT.

It is my professional opinion that there exists a reasonable and meritorious cause for the filing of a professional negligence lawsuit against ROOP LAL, M.D. and CARDIOLOGY CONSULTANTS, LTD. for the reason that ROOP LAL, M.D. deviated from the standard of care in the following manner:

     a.    Allowed a sequential compression device to be applied to Phillip Casey, deceased, after a deep vein thrombosis was or should have been suspected;

     b.    Allowed a sequential compression device to be applied to Phillip Casey, deceased, after a deep vein thrombosis was diagnosed;

**Exhibit "F"**

c.     Failed to discontinue the use the sequential compression device after a
deep vein thrombosis was diagnosed;

d.     Failed to properly supervise his physician's assistant, HEIDI DUFF, who
was treating Phillip Casey, deceased.

It is my opinion that one or more of the foregoing was a proximate cause of injuries and

death sustained by Phillip Casey, deceased.

Dated: _____

_____
John F. Setaro, M.D.
Department of Internal Medicine
Section of Cardiovascular Medicine
Yale University
School of Medicine
Box 208017
New Haven, CT 06520-8017
Connecticut License# 26762

**Exhibit "F"**

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

MARY CASEY, as ADMINISTRATOR of the ) 
ESTATE OF PHILLIP CASEY, Deceased )
 )
Plaintiff, )
 )
vs. )
 )
MARJORIE GUTHRIE, M.D., SOUTHERN )
ILLINOIS HEALTHCARE CENTERS d/b/a )
BELLEVILLE   FAMILY HEALTH CENTER, )
JULIE WITTNENAUER, M.D.,  ASHLEY )
 MALCOLM, M.D., DAVID DORSEY, M.D., )
ST. ELIZABETH'S HOSPITAL OF THE )
HOSPITAL SISTERS OF ST. FRANCIS.    an )
Illinois corporation, ROOP LAL, M.D., HEIDI )
DUFF, P.A. and CARDIOLOGY )
CONSULTANTS, LTD. )
 )
Defendants )

## AFFIDAVIT OF COUNSEL

I, William V. Kozol, being first duly sworn under oath, states as follows:

1.      The affiant is the attorney for the Plaintiff;

2.      The affiant was unable to obtain a consultation report as required by 735 ILCS 5/2-622 as to Defendant, HEIDI DUFF, P.A., because the statute of limitations would impair the action against her and the consultation could not be obtained before the expiration of the statue of limitations.

3.      The Plaintiff has not previously voluntarily dismissed this action based upon the same or substantially the same acts, omissions or occurrences.

_____
WILLIAM V. KOZOL
Atty. No. 3121881
Rathbun, Cservenyak & Kozol, LLC
3260 Executive Drive
Joliet, Illinois 60431
(815) 730-1977

SUBSCRIBED and SWORN to
before me this 17th day of
Sept                     , 2009

_____
Notary Public

OFFICIAL SEAL
LAURIE ANN LITTLE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/08/10

**Exhibit "G"**

<u>REPORT OF CONSULTING HEALTH PROFESSIONAL</u>
<u>AS TO</u>
<u>ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF ST. FRANCIS</u>

I am a physician licensed to practice medicine in all its branches.  My specialty is Internal Medicine. I have been licensed to practice medicine since 1983 and have been board certified in the field of internal medicine since 1983.  I have devoted the majority of my work and time to the practice of internal medicine and have had significant experience in the practice of internal medicine and am familiar with the standard of care, methods, procedures and treatments relative to the allegations against St. Elizabeth Hospital and specifically to the care and treatment of patients diagnosed with a pulmonary embolism and deep vein thrombosis (DVT).

I have reviewed the medical records of Saint Elizabeth Hospital regarding the care and treatment of Phillip Casey, deceased.  I am knowledgeable in the issues that are relevant in this case and am qualified by experience, education and training to render opinions in this matter.  I am familiar with the appropriate standard of care for hospitals providing care and treatment to a patient diagnosed with pulmonary embolism and a deep vein thrombosis.

It is my professional opinion that there exists a reasonable and meritorious cause for the filing of a professional negligence lawsuit against St. Elizabeth Hospital for the reason that St. Elizabeth Hospital, individually, and by and through its agents and employees, deviated from the standard of care in the following manner:

a.  Through its agents, failed to properly formulate, administer and manage a health care plan for Phillip Casey, deceased, who was diagnosed with a pulmonary embolism and deep vein thrombosis and had multiple risk factors for the development of blood clotting;

b.  Through its agents, allowed a sequential compression device to be applied to Phillip Casey, deceased, after a deep vein thrombosis was or should have been suspected;

**Exhibit "H"**

c.      Through its agents, allowed a sequential compression device to be applied to Phillip Casey, deceased, after a deep vein thrombosis was diagnosed;

d.      Through its agents, failed to discontinue the use the sequential compression device after a deep vein thrombosis was diagnosed;

e.      Failed to properly supervise the residents who were treating Phillip Casey, deceased.

f.      Failed to have a policy in place that prevented the use of sequential compression devices after a deep vein thrombosis was suspected or confirmed;

g.      In the alternative, failed to enforce its policy that prevented the use of sequential compression devices after a deep vein thrombosis was suspected or confirmed.

It is my opinion that one or more of the foregoing was a proximate cause of injuries and death sustained by Phillip Casey.

Dated: _9- -- 39_____

_Chas D Dillon MD_
Charles D. Dillon, M.D.
UNIVERSITY ASSOCIATES IN
INTERNAL MEDICINE SC
660 N Lake Shore Drive #118
Chicago Il  60611
Illinois License # 036-066243

**Exhibit "H"**