UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY CASEY, *as Administrator of the Estate of Phillip Casey, Deceased*,<br><br>    Plaintiff,<br><br>    v.<br><br>MARJORIE GUTHRIE, M.D., SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC., *doing business as Belleville Family Health Center*, JULIE WITTNENAUER, M.D., ASHLEY MALCOLM, M.D., DAVID DORSEY, M.D., ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF ST. FRANCIS, *an Illinois Corporation*, ROOP LAL, M.D., HEIDI DUFF, P.A., and CARDIOLOGY CONSULTANTS, LTD.,<br><br>    Defendants. | Case No. 09-cv-951-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Mary Casey's (hereinafter "Casey") Motion (Doc. 28) to conduct limited discovery.[1] Defendants Marjorie Guthrie, M.D., (hereinafter "Guthrie") and Southern Illinois Health Care Foundation, Inc. (hereinafter "SIH") filed a Response (Doc. 31), to which Casey filed a Reply (Doc. 34). For the following reasons, the Court**, *inter alia*, GRANTS** the instant motion.

On September 22, 2009, Casey brought wrongful death and survival actions against Guthrie, SIH, and all of the other named defendants in the Circuit Court of St. Clair County,

---

[1] Although Casey submitted a "joint motion," she clearly mislabeled it, as the responding defendants do not join in the motion's terms.

Illinois. Guthrie and SIH thereafter removed the matter to this Court pursuant to 28 U.S.C. § 1442(a)(1), which prescribes federal jurisdiction over federal officers/agencies that are sued. SIH alleged that it fell under said statute as an entity of the United States. Meanwhile, calling upon the Westfall Act, 28 U.S.C. § 2679,[2] Guthrie sought to establish her status as a deemed employee of the United States by attaching certification (hereinafter "Westfall certification") from the U.S. Attorney to her removal notice.[3] (*See* Doc. 2-2). However, Casey believes that Guthrie and/or SIH were not a federal employee or agency respectively at the time of the events underlying this lawsuit; therefore, she seeks to conduct limited discovery so that she may meaningfully challenge the U.S. Attorney's Westfall certification. Whether such discovery will be allowed is the sole issue currently before the Court.

As a preliminary matter, it should be noted that Westfall certification is subject to judicial review. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995) ("[T]he Attorney General's certification that a federal employee was acting within the scope of his employment - a

---

[2]Known officially as the Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub. L. No. 100-694, 102 Stat. 4563 (1988), the Westfall Act amended the Federal Tort Claims Act in order to extend immunity to the tortious conduct of federal employees that occurs within the scope of employment. *Taboas v. Mlynczak*, 149 F.3d 576, 579 n.1 (7th Cir. 1998). If a tort suit is brought against a federal employee, the Attorney General can certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1) (2006). A United States Attorney is permitted to issue such certification in lieu of the Attorney General. 28 C.F.R. § 15.3 (West 2010). Such certification aims to substitute the United States as the sole defendant, § 2679(d)(1), and, if suit was originally filed in state court, the case will be removed to federal court, § 2679(d)(2). Because the plaintiff's action against the United States represents her exclusive remedy, § 2679(b)(1), substitution aims to immunize the defendant employee. *See, e.g., Ezekiel v. Michel*, 66 F.3d 894, 897 n.5 (7th Cir. 1995).

[3]The U.S. Attorney also included SIH in its Westfall certification, but SIH's argument for relief is not confined to such certification.

certification the executive official . . . has a compelling interest to grant - does not conclusively establish as correct the substitution of the United States as defendant in place of the employee."); *Hamrick v. Franklin*, 931 F.2d 1209, 1210 (7th Cir. 1991). A plaintiff may successfully challenge substitution of the United States as defendant in a case by contesting a defendant federal employee's Westfall certification and arguing that said employee was not acting within the scope of his employment at the time of the alleged tortious conduct. *See Taboas v. Mlynczak*, 149 F.3d 576, 578 (7th Cir. 1998). To effectively contest one's Westfall certification, a defendant may engage in limited discovery on the scope-of-employment issue. *See Alexander v. Mount Sinai Hosp Med. Ctr. of Chicago*, 165 F. Supp. 2d 768, 772 (N.D. Ill. 2007) (wherein district court upheld Westfall certification after plaintiff's granted leave to engage in discovery proved fruitless), *aff'd*, 484 F.3d 889 (7th Cir. 2007); *see also Cooper v. Kribble*, 89 C 04934, 1991 WL 2526, at *1 (N.D. Ill. Jan. 8, 1991). Of course, if a defendant's Westfall certification is drawn from facts pleaded in the complaint, discovery on the issue will not be necessary. *Brumfield v. Sanders*, 232 F.3d 376, 379-80 (3d Cir. 2000).

Here, the Court finds Casey should be given an opportunity to engage in limited discovery so that she may meaningfully contest the disputed Westfall certification. Other district courts in this circuit have permitted such investigation, and this Court does not know of any binding authority that forbids discovery on the issue. Neither SIH nor Guthrie contends that their status as a federal employee can be drawn from Casey's allegations; in fact, Guthrie's arguments concerning substitution (*See* Doc. 24), remand (*See* Doc. 23, 30), and dismissal (*See* Doc. 24), which this Court has yet to address, solely stem from the U.S. Attorney's Westfall certification. While the Court is well aware that the doctrine of official immunity was crafted,

in part, to ensure that state and federal officials "are not subjected to the costs of trial or the burdens of discovery," *Nevada v. Hicks*, 533 U.S. 353, 400 (2001), the Court does not believe that limited discovery in the instant matter will circumvent this broad doctrinal policy.

For the foregoing reasons, the Court **GRANTS** Casey's Motion (Doc. 28) to conduct limited discovery. As such, the Court **ORDERS** as follows:

- the United States shall provide initial disclosure to Casey of the information described in Federal Rule of Civil Procedure 26(a)(1)(A) solely as it pertains to the factual basis of the disputed Westfall certification no later than February 19, 2010;

- Casey shall tender written discovery requests to the United States solely as it pertains to the factual basis of the disputed Westfall certification within seven (7) days of receipt of said initial disclosure;

- the United States shall answer Casey's written discovery requests within twenty-one (21) days of receipt of same;

- depositions of Guthrie, the designated representative(s) of SIH, and witnesses identified by the United States as having knowledge of the factual basis of the disputed Westfall certification shall be completed within twenty-one (21) days of receipt of answers to the written discovery requests; and

- the parties shall submit a joint status report to the Court by no later than April 16, 2010, at which time the Court will enter a briefing schedule as to Casey's Motion to Remand (Doc. 22) and Guthrie and SIH's Motions to Dismiss (Docs. 24, 25). The timing referenced in this briefing schedule shall supplant that stated in the Court's previous Order (Doc. 33).

**IT IS SO ORDERED.**
**DATED: February 4, 2010**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**