UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY CASEY, *as Administrator of the Estate of Phillip Casey, Deceased,*<br><br>    Plaintiff,<br><br>    v.<br><br>MARJORIE GUTHRIE, M.D., SOUTHERN ILLINOIS HEALTH CARE FOUNDATION, INC., *doing business as Belleville Family Health Center*, JULIE WITTNENAUER, M.D., ASHLEY MALCOLM, M.D., DAVID DORSEY, M.D., ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF ST. FRANCIS, *an Illinois Corporation*, ROOP LAL, M.D., HEIDI DUFF, P.A., and CARDIOLOGY CONSULTANTS, LTD.,<br><br>    Defendants. | Case No. 09-cv-951-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants Marjorie Guthrie (hereinafter "Guthrie") and Southern Illinois Health Care's (hereinafter "SIH") Motion to Dismiss and Substitute Party (Doc. 24) and Motion to Dismiss (Doc. 25) pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  Plaintiff Mary Casey (hereinafter "Casey") has yet to file a response brief to either motion, and she need not do so.[1]

For the following reasons, the Court, *inter alia*, **GRANTS** the instant motions and **REMANDS** this matter to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County,

---

[1]Likewise, the Court has yet to set a briefing schedule on the instant motions, (*see* Doc. 39, p. 4), and it need not do so.

1

Illinois, for lack of subject matter jurisdiction.

## BACKGROUND AND ANALYSIS

**I.       Relevant Procedural Posture**

On September 22, 2009, Casey brought wrongful death and survival actions against Guthrie, SIH, and all of the other named defendants in the Circuit Court of St. Clair County, Illinois. Guthrie and SIH thereafter removed the matter to this Court pursuant to 28 U.S.C. § 1442(a)(1), which prescribes federal jurisdiction over federal officers/agencies that are sued. SIH alleged that it fell under said statute as an entity of the United States. Meanwhile, calling upon the Westfall Act, 28 U.S.C. § 2679,[2] Guthrie sought to establish her status as a deemed employee of the United States by attaching certification (hereinafter "Westfall certification") from the U.S. Attorney to her removal notice.[3] (*See* Doc. 2-2). However, believing that Guthrie and/or SIH were/was not a federal employee or agency respectively at the time of the events underlying the

---

[2]Known officially as the Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub. L. No. 100-694, 102 Stat. 4563 (1988), the Westfall Act amended the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, in order to extend immunity to the tortious conduct of federal employees that occurs within the scope of employment. *Taboas v. Mlynczak*, 149 F.3d 576, 579 n.1 (7th Cir. 1998). If a tort suit is brought against a federal employee, the Attorney General can certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1) (2006). A United States Attorney is permitted to issue such certification in lieu of the Attorney General. 28 C.F.R. § 15.3 (West 2010). Such certification aims to substitute the United States as the sole defendant, § 2679(d)(1), and, if suit was originally filed in state court, the case will be removed to federal court, § 2679(d)(2). Because the plaintiff's action against the United States represents her exclusive remedy, § 2679(b)(1), substitution effectively aims to immunize the defendant employee. *See, e.g., Ezekiel v. Michel*, 66 F.3d 894, 897 n.5 (7th Cir. 1995).

[3]The U.S. Attorney also included SIH in its Westfall certification, but SIH's argument for relief was not confined to such certification.

lawsuit, Casey filed a Motion (Doc. 28) to conduct limited discovery so that she could meaningfully challenge the U.S. Attorney's Westfall certification.

On February 4, 2010, the Court, *inter alia*, granted Casey's discovery motion. In its memorandum and order, the Court set the parameters of preliminary discovery as to the Westfall certification, including the requirement that a joint status report be submitted to the Court. The joint Status Report (Doc. 47), which the Court has since received, states that the necessary discovery has been exchanged and indicates that Guthrie and SIH were indisputably acting as a federal employee and agency respectively at the time of the events alleged in the lawsuit.[4] (*See* Doc. 47, p. 1, ¶ 2). The status report also impliedly states that Casey concedes the merits of the instant motions and will not be filing a response thereto. *Id.* at p. 1, ¶ 3. Finally, in the report, Casey asks that the Court remand this case if the dismissal motions are granted. *Id*. at p. 2, ¶ 4.

With the above in mind, the Court can now address the relief requested in the instant motions.

## II.  Motion to Dismiss and Substitute Party (Doc. 24)

In their first motion to dismiss, Guthrie and SIH ask that the claims against them be dismissed with prejudice as the United States is the proper party pursuant to the Westfall Act. Additionally, the two ask that the United States be substituted in their stead for purposes of this

---

[4] As an aside, the Court notes that it is proper to consider the joint status report in ruling on the instant motions. Neither motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6), whereby the Court cannot typically consider matters outside the pleadings. *See* Fed. R. Civ. P. 12(d). Rather, it is well-settled that a court may look outside the complaint and consider other evidence when ruling on a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(1), like the second motion at issue here. *See, e.g. Johnson v. Apna Gar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2003); *Alicea-Hernandez v. Catholic Bishop of Chicago*, 320 F.3d 698, 701 (7th Cir. 2003); *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

litigation.

Here, since Casey has since conceded that the United States, not Guthrie and SIH, is the proper defendant, the Court sees no reason to deny the relief sought. Pursuant to 28 U.S.C. § 2679(d)(1), the Court **ORDERS** that the United States be substituted as a defendant for Guthrie and SIH. Further, the Court **DISMISSES** Guthrie and SIH **with prejudice**.

### III.     Motion to Dismiss (Doc. 25)

In the second motion to dismiss, the United States asks under Federal Rule of Civil Procedure 12(b)(1) that the claims against it be dismissed because Casey has yet to exhaust his administrative remedies. Casey's only hope for recovery against the United States, which is typically protected from lawsuits for money damages by sovereign immunity, is by way of the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, *et seq.* However, in order to recover under the FTCA, Casey must have first filed an administrative claim with the appropriate federal agency. *See* 28 U.S.C. § 2675(a) (2006); *McNeil v. United States*, 508 U.S. 106, 113 (1993)*; Sullivan v. United States*, 21 F.3d 198, 206 (7th Cir. 1994). Nevertheless, "[d]ismissal for failure to exhaust is without prejudice and so does not bar the reinstatement of the suit unless it is too late to exhaust." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

Here, although Casey has impliedly admitted that he has yet to file an administrative claim with the United States Department of Health and Human Services, the United States has not argued that it is too late for Casey to exhaust her administrative remedies. As such, while her claim against the United States cannot continue due to a lack of subject matter jurisdiction, the Court  **DISMISSES** said claim **without prejudice**.

**IV.** *Sua Sponte* **Remand**

As discussed *supra*, the Court obtained jurisdiction over this matter after Guthrie and SIH filed for removal pursuant to 28 U.S.C. § 1442(a)(1), which prescribes federal jurisdiction over federal officers and agencies that are sued. Subsequently, as chronicled in this memorandum and order, Guthrie and SIH have been displaced by the United States, which has since been dismissed. Put another way, the original basis for subject matter jurisdiction with this Court no longer exists, and the Court's continuing jurisdiction rests entirely on 28 U.S.C. § 1367(a), the supplemental jurisdiction statute.

Section 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." In deciding whether to decline jurisdiction over state law claims when no original jurisdiction claims remain pending, a district court should consider judicial economy, convenience, fairness and comity. *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Indeed, when the district court dismisses all federal claims before trial, the usual and preferred course is to remand the state claims to the state court unless there are countervailing considerations. *See Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007) ("The pendent-jurisdiction case law established, and section 1367, we held in *Brazinski* [*v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1181-82 (7th Cir. 1993)], the sensible presumption that if the federal claims drop out *before trial*, the district court should relinquish jurisdiction over the state-law claims." (emphasis in original)); *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998); *Wright*, 29

F.3d at 1251. These countervailing considerations are represented by the following three situations:

> [W]here the statute of limitations would bar the refiling of the supplemental claims in state court (in fact section 1367(d) explicitly tolls the statute of limitations for 30 days after dismissal of a supplemental claim, to allow the plaintiff to refile the claim in state court without being time-barred); . . . where substantial federal judicial resources have already been expended on the resolution of the supplemental claims; and where it is obvious how the claims should be decided.

*Garrity*, 479 F.3d at 906-07 (citations omitted) (referencing *Wright*).

Here, the Court notes that the instant case is still in the midst of pre-trial discovery and not set for final pretrial conference and jury trial until March 2011. Moreover, none of the considerations espoused in *Wright* and reaffirmed by *Garrity* are substantially at play in this case. Having considered convenience, fairness, and comity, as well as the general presumption that district courts should relinquish supplemental jurisdiction upon dismissal of those claims bestowing original jurisdiction, the Court **REMANDS** this matter to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Guthrie and SIH's Motion to Dismiss and Substitute Party (Doc. 24), thereby **ORDERING** that the United States of America be substituted as a defendant for Guthrie and SIH and **DISMISSING** both Guthrie and SIH **with prejudice**. For docketing purposes, the Court **DIRECTS** the Clerk of Court to terminate both Guthrie and SIH as defendants in this litigation and add the United States as a defendant. Further, the Court **GRANTS** Guthrie and SIH's second Motion to Dismiss (Doc. 25), which **DISMISSES** the United States as a defendant in this litigation **without prejudice**. Finally, the Court **REMANDS** this matter to the Circuit Court of the Twentieth Judicial Circuit, St. Clair

County, Illinois, for lack of subject matter jurisdiction.  Accordingly, the Court **DENIES as moot** Casey's Motion to Remand (Doc. 22), Defendant David Dorsey's Motion for Summary Judgment (Doc. 45), and Casey's Motion (Doc. 46) for an extension of time in which to respond to Dorsey's summary judgment motion.

**IT IS SO ORDERED.**
**DATED: April 22, 2010**

s/ J. Phil Gilbert

**J. PHIL GILBERT**
**DISTRICT JUDGE**